The People of the State of New York, on the Complaint of Thomas J. B. Spencer, Respondent, *v.* Capitol Fuels of Queens, Inc., Appellant.* (Two Cases.)

Court of Special Sessions of City of New York, Appellate Part, Second Department, March 27, 1939.

*Goldstein & Goldstein* [*Jonah J. Goldstein* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Charles E. Ramsgate* of counsel], for the respondent.

Bayes, Ch. J. Appeal by defendant from judgment of the Municipal Term of the Magistrates' Court of the City of New York, Part II, Borough of Brooklyn, rendered July 26, 1938, convicting defendant of violation of title B, article 4, section B36–37.0, subdivision c, of the Administrative Code of the City of New York, and imposing a fine of $250. There are two cases, docket Nos. 5622 and 5623. It was stipulated that the facts in No. 5622 should be regarded as the facts in No. 5623 and that the only question of law involved is as to the meaning of the section above referred to.

The said subdivision c reads as follows:

* See, also. 170 Misc. 763.

" c. Each delivery ticket shall be issued in triplicate, shall be serially numbered in each yard or branch and shall be used only in consecutive order."

The evidence discloses that on May 27, 1938, defendant issued a delivery ticket bearing the number A1652 for 21,400 pounds of coal to be delivered at 285 Division avenue in Kings county and on the same day a delivery ticket bearing the number A4521 for 19,300 pounds to be delivered at the same address. It appears that on said date coal was delivered in the above quantities and against the above-numbered delivery tickets. It further appears that these two delivery tickets came from two separate machines, one bearing 4500 series and the other 1600 series.

The People contend that, although the tickets are issued serially as applied to each machine, this is a violation of said subdivision c for the reason that each yard or branch is required not only to have its own serial numbers but that the tickets are to be used in consecutive order.

The section is carefully drawn and there is no doubt but that it is designed to prevent fraud and cheating and should be sustained unless the hardship is out of all proportion to the public welfare sought to be conserved. The argument of defendant that the use of two or more machines in a single yard or branch is necessary is not convincing. It is quite likely that it is more convenient at times to use two machines, but if that is to be lawfully done defendant should first obtain a modification of the section by legislative enactment.

We are of the opinion that the court had jurisdiction. The coal was delivered in Kings county and was accompanied by delivery tickets. The fact that the tickets were made out in Queens county did not under the circumstances disclosed by the record deprive the court of jurisdiction.

The judgments should be affirmed.

HACKENBURG and WALLING, JJ., concur.